IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDWARD JEFFERSON | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-09-3096 |
| J. PHILLIP MORGAN, | * | |
| LT. FRIEND, | | |
| HARRY MURPHY, | * | |
| DANIEL NORTHCROFT, | | |
| MR. BRITTINGER, | * | |
| LT. JAMES PENNINGTON, | | |
| And MR. CHARLES ALBRIGHT | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM

The above-captioned complaint concerns conditions of confinement at Western Correctional Institution (WCI). Because he appears to be indigent, plaintiff's motion to proceed in forma pauperis shall be granted.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that–(A) the allegation of poverty is untrue; or (B) the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The complaint is 34 pages long and is signed by fourteen inmates, including plaintiff.[1] All of the claims are general complaints about prison facilities, practices and policies. The claims range from the quality of hygiene items provided to segregation inmates to the quality of legal materials provided in the library. Paper No. 1. Plaintiff states that the practice of assigning two inmates per cell in segregation is cruel because the inmates are constantly fighting. *Id.* at p.

---

[1] The case has been instituted on behalf of Jefferson only.

3. He states this court should set a capacity limit. *Id.* He claims there is an inequity between the commissary hygiene items general population inmates are permitted to have and the hygiene items provided to segregation inmates. *Id.* at pp. 6—7. Most of the complaint contains directives that plaintiff seeks to impose upon prison staff. For example he states, "each inmate shall have the opportunity to have three appropriate meals daily served in a [proper] manner." *Id.* at p. 7.

There is no allegation that plaintiff or any of the other inmates who signed the complaint have suffered any direct harm as a result of the conditions alleged. *See Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993) (requiring serious or significant injury to establish Eighth Amendment claim). The conditions complained of do not begin to approach the sort of conditions which would constitute imposition of cruel and unusual punishment.[2] *See Rhodes v. Chapman*, 452 U. S. 337, 347 (1981) (conditions which are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society.") Accordingly, the complaint shall be dismissed for failure to state a claim upon which relief may be granted.

A separate order follows.


  January 13, 2010                                    _____/s/_____
Date                                                                J. Frederick Motz
                                                                    United States District Judge

---

[2] The court's authority to grant prospective relief, such as prison population caps, has been restricted. *See* 18 U.S.C. §3626(a)(1)(B).